Bush et al. *v.* Critchfield et al.

---

DANIEL B. BUSH AND OTHERS *v.* WILLIAM CRITCHFIELD AND OTHERS.

Where persons covenant as sureties, that their principal shall sell and account for all merchandise placed in his hands, within a stated period, it is not necessary to aver notice to the securities of a failure, in an action on the covenant.

THIS was an action of covenant, adjourned here for decision from the county of Knox.  The declaration contained two counts upon the same covenant.  The second count stated, that on June 27, 1825, the defendants covenanted with the plaintiffs, in consideration that the plaintiffs would supply one D. B. McConnel with merchandise to sell on commission, at such per cent. as the plaintiffs and McConnel might, or had agreed upon ; that the said de-

fendants would hold themselves responsible for the faithful and honest performance of said McConnel, for one year from that date, and as much longer as said McConnel should be justified in the sight of the plaintiffs and defendants; and that said McConnel should render a true and just account of all merchandise so delivered by the plaintiffs to him, and of sales made of such goods by him, as often as the plaintiffs should call for such account. The defendants further covenanted that McConnel should, faithfully and honestly, fulfill all that he had engaged, by an article with the plaintiffs, dated April 18, 1825, and that the defendants would be bound for the merchandise delivered under said article, as if 104] *they had formerly been bound with their co-defendants and others, for the same, for the faithful performance of the same; which article of April 18, 1825, is then recited in the declaration, containing various stipulations for selling and accounting for merchandise, and for articles received in barter for the same, at an allowance of fifteen per cent. upon proceeds of sales. The declaration then avers, that on June 28, 1825, plaintiffs delivered a large amount of merchandise to McConnel, to be sold on commission, under the contract. It then avers that McConnel did not, for one year from June 27, 1825, "honestly and faithfully account with and pay to the said plaintiffs the money for which said McConnel sold the said goods, wares, and merchandise; but, on the contrary thereof, said McConnel, within one year from June 27, 1825, sold a large quantity of the said merchandise, and received for the same a large sum of money, to wit, the sum of eighteen hundred dollars, which he neglected and refused to pay," etc., assigning various other breaches, under the contract of June 27, 1825, as including the contract of April 18, 1825, concluding with an averment that McConnel had failed to comply with the terms of the contract, "although said plaintiffs afterward, to wit, on April 17, 1828, at —— county aforesaid, and within one year from June 27, 1825, called on said McConnel for that purpose." The declaration contains no averment that the defendants had notice of any failure alleged in the declaration.

The defendants pleaded, *first*, that they had performed their covenants.

*Second.* That on April 17, 1826, McConnel settled and accounted with the plaintiffs for all the goods delivered, and for the profits of sales, and generally of all matters arising on the contract, and

delivered to them goods and merchandise of the value of fifteen hundred dollars, and gave separate promissory notes for sums specified to individuals named by mutual agreement between the plaintiffs and McConnel, in full satisfaction of the whole contract, and for the merchandise delivered by plaintiffs to McConnel, and for the profits arising on the sale.

The plaintiffs joined issue on the plea of general performance. And to the special plea, they also replied, negativing *the [105 allegations of the plea, and concluded by tendering an issue to the country. To this replication the defendants demurred.

H. Stanbery, for plaintiff.

T. Ewing, for defendants.

By the Court:

It is a general rule, that where a matter does not lie more properly in the knowledge of one of the parties than the other, notice is not requisite; therefore, if a man is bound, by obligation of covenant, or promises to do a thing, on the performance of an act by a stranger, notice need not be alleged, for it lies in the defendant's knowledge, as much as the plaintiff's, and he ought to take notice at his peril. 2 Saund. 62, n. 4; 2 Chit. 81; 11 Johns. 61.

The defendants have covenanted, in general terms, to hold themselves accountable for the fidelity of McConnel, and that he should render a true account for one year; and if it had been the intention of parties, that the obligors should have notice, that should have been inserted in the condition. A party who covenants generally, to do a particular thing, is bound at all events. Duffield *v.* Scott, et al., 3 Johns. 374. The plaintiffs had less to do with the supervision of McConnel's conduct than the defendants; nor had they any better means of ascertaining that he was converting the proceeds of the goods to his own use. The plaintiffs did not reserve the power of visitation, nor did they covenant to notify the defendants of McConnel's mode of transacting the business. The defendant, in consideration of a ruff-band delivered to him, promised to pay to him, on the day of the plaintiff's marriage, three pounds, and alleged he was married such a day, yet although often requested he had not paid. There was a judgment of *nihil dicit* and inquiry. A motion was made in arrest of judgment, because

95

there could be no breach of promise unless notice was given of the plaintiff's marriage; but Hutton, Harvey, and Yelverton adjudged it to be good enough, for the defendant, at his peril, ought to take notice, and the plaintiff need not show he gave notice 106] *of the marriage. Croke Car. 34. In the case of Norris et al. v. Powell, 14 East, 510, a bond had been taken by the commissioners of the land tax for the fidelity of a collector. It was objected that no notice had been given to the surety, of the collector's default, nor demand of payment made, until after the principal had been discharged for misconduct; but both points were overruled by the court. Fell on Guaranties, 224. The defendants do not assume the position, that there is any express covenant to give notice, or even covenant in law to do it; but rather place their case upon principles of commercial law. But certainly there is no just analogy between principles and surety in a bond, and the drawer and indorser of a bill of exchange, so far as legal principles fix their liabilities. The liability of an indorser is conditional, and entirely arbitrary. His undertaking is conditional, that he will be holden, upon demand and refusal of the drawer, and notice of those facts. This condition, though not expressed, is of the essence of the contract. There is no such contract implied in sealed instruments. If parties wish to have and give notice, they must so covenant, and then the non-performance might be assigned as a breach. As this instrument stands, there is no express covenant to give notice to the defendants of McConnel's default, nor are the covenants such as to raise any in law. From the nature of the covenants, the defendants were bound, at their peril, to take notice of the breaches.

Demurrer to the replication overruled, and costs taxed to the defendants since filing, and the cause continued for inquiry of damages.